# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **GXP CAPITAL, LLC,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No. N18C-07-267** |
| | ) | **PRW CCLD** |
| **ARGONAUT MANUFACTURING** | ) | |
| **SERVICES, INC.; TELEGRAPH HILL** | ) | |
| **PARTNERS III, L.P.; TELEGRAPH** | ) | |
| **HILL PARTNERS III INVESTMENT** | ) | |
| **MANAGEMENT, LLC,** | ) | |
| Defendants. | ) | |

Submitted: July 20, 2020
Decided: August 3, 2020

## ORDER CERTIFYING AN INTERLOCUTORY APPEAL

This 3rd day of August, 2020, upon consideration of Plaintiff GXP Capital, LLC's application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated July 1, 2020, it appears to the Court that:

(1)    This is a civil action filed by GXP Capital, LLC ("GXP"), a limited liability company organized and headquartered in Nevada.[1]  GXP is the assignee and a subsidiary of GXP CDMO, Inc., formerly known as Bioserv Corporation ("Bioserv").[2]

---

[1]    Compl. at ¶ 1 (D.I. 1).

[2]    *Id.* at ¶¶ 1, 7.

(2)     GXP alleges that Telegraph Hill Partners, III, L.P.; Telegraph Hill Partners III Investment Management; and a predecessor entity to Argonaut Manufacturing Services, Inc. (collectively, "Investors") obtained confidential business information about Bioserv during acquisition negotiations pursuant to non-disclosure agreements.[3]   GXP further alleges that the Investors misused the information in violation of those agreements to execute a successful hostile acquisition of key Bioserv assets in bankruptcy proceedings.[4]

(3)     GXP first filed an action seeking relief for these alleged wrongs in federal district court in the District of Nevada. Due to a lack of personal jurisdiction, GXP voluntarily dismissed that action and filed a new action in the Southern District of California. That federal court dismissed this second case for lack of subject matter jurisdiction, since the parties lack complete diversity.[5]

---

[3]   *Id.* at ¶¶ 6–9, 12, 14.

[4]   *Id.* at ¶¶ 47, 49, 52, 56.

[5]   *GPX Capital, LLC v. Argonaut EMS*, No. 3:17-cv-02283-GPC-BLM (S.D. Cal. Jul. 23, 2018) (Dkt. No. 48) ("[T]the Court *sua sponte* DISMISSES without prejudice the complaint for lack of subject matter jurisdiction."). The California district court case is captioned *GPX* rather than *GXP* in conformity with the corresponding Complaint. The same error occurred in early procedural stages in this case. *See generally* Compl. (D.I. 1).

-2-

(4)     Following these two dismissals, GXP filed suit in this Court. The Investors moved to dismiss the complaint for *forum non conveniens*.[6] Because GXP had previously initiated this suit in other fora and those suits had terminated without reaching a resolution on the merits, the Court performed its *forum non conveniens* analysis under the intermediate standard articulated in *Gramercy Emerging Markets Fund v. Allied Irish Banks, P.L.C.*[7]

(5)     Weighing the *forum non conveniens* factors without presumption, the Court found that litigation in Delaware would be more burdensome on the Investors than relief would be on GXP. A key factor to the Court's analysis in this specific case was the availability of the state courts of California to do prompt justice.[8] Because the weighing of hardships relied on the availability of that alternative forum, the Court fashioned relief in the form of a stay, giving GXP ninety (90) days to file suit in California state courts or another available and more appropriate

---

[6]     (D.I. 8). The Motion to Dismiss sought relief other than *forum non conveniens* as well, but all other aspects of that motion were settled by the voluntary dismissal without prejudice of seven of the Complaint's counts. (D.I. 25).

[7]     173 A.3d 1033, 1044 (Del. 2017).

[8]     The Investors stipulated that if granted relief they would waive any statute of limitations defense in order to proceed to the merits of the underlying dispute in California. Arg. Tr., Jan. 31, 2020, at 8 (D.I. 32). Delaware courts have in the past granted *forum non conveniens* relief contingent upon the movants' agreement not to raise the statute of limitations or any other bar to a decision on the merits in later-filed litigation which would not have been available in the Delaware litigation. *E.g., Meade Elec., Inc. v. Pepper Const. Co.*, 1991 WL 1179827, at *9 (Del. Super. Ct. Aug. 9, 1991).

tribunal.[9] GXP now requests the Court's certification of the matter for interlocutory appeal.

(6) Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[10] The trial court may certify the order for appeal in whole or in part, and the Supreme Court may review it the same way.[11]

(7) Under Rule 42, when faced with a litigant's request for certification for interlocutory appeal, the trial court must: (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[12] (b) decide whether to certify via consideration of

---

[9] The Court issued an initial Opinion and Order on May 4, 2020. *GXP Capital, LLC v. Argonaut Mfg. Servs. Inc.*, 2020 WL 2111477 (Del. Super. Ct. May 4, 2020). GXP filed a timely Motion for Reargument under Rule 59(e). (D.I. 34). In that Motion, GXP sought reconsideration in part based on its belief the Court had enforced a permissive choice of forum clause as a mandatory one. The Court withdrew the initial order and issued in substitution the July 1, 2020 Opinion and Order clarifying that the Court had considered California's availability to be a weighty factor because litigation there was both available and substantially less burdensome under the *forum non conveniens* factors, *not* due to any misapprehension that some mandatory forum selection clause applied. *GXP Capital, LLC v. Argonaut Mfg. Servs. Inc.*, 2020 WL 3581633, at *9 (Del. Super. Ct. July 1, 2020).

[10] *DiSabatino Bros., Inc. v. Wortman*, 453 A.2d 102, 103 (Del. 1982).

[11] *See Dow Chemical Corp. v. Blanco*, 67 A.3d 392, 394 (Del. 2013) ("The Defendants applied for an interlocutory appeal of the Superior Court's opinion under Supreme Court Rule 42. The Superior Court granted the application for an interlocutory appeal presenting one narrow question. . . [t]he Superior Court denied certification of the Defendants' remaining questions for interlocutory appeal. . . Our inquiry is limited to the question certified.").

[12] Del. Supr. Ct. R. 42(b)(i) (2020).

-4-

the eight factors listed in Rule 42(b)(iii);[13] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[14] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[15]

---

[13]     (A) The interlocutory order involves a question of law resolved for the first time in this State;

    (B) The decisions of the trial courts are conflicting upon the question of law;

    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

    (F) The interlocutory order has vacated or opened a judgment of the trial court;

    (G) Review of the interlocutory order may terminate the litigation; or

    (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii) (2020).

[14] *Id.* Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii) (2020).

[15] *Id.*

(8)    The first step, deciding whether the order over which a party is seeking certification decides a substantial issue of material importance, is a threshold inquiry without which certification is inappropriate.[16]  An issue is substantial when it "decides a main question of law which relates to the merits of the case, and not to collateral matters."[17]

(9)    Though the forum is, strictly speaking, immaterial to the merits of the underlying case, Delaware courts oft treat *forum non conveniens* motions as satisfying this criterion because a party's right to have an action heard "in a proper forum . . . meets the tests for appealability of an interlocutory order in this jurisdiction."[18]

(10)    While satisfying that threshold inquiry, interlocutory review of a stay in lieu of dismissal in *forum non conveniens* cases still requires of showing of "exceptional circumstances" under the Rule 42(b)(iii) factors.[19]  The Delaware

---

[16]    *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020).

[17]    *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008).

[18]    *State Marine Lines v. Domingo*, 269 A.2d 223, 225 (Del. 1970).

[19]    *See Aveta, Inc. v. Olivieri*, 2008 WL 4215973, at *1 (Del. Super. Ct. Sept. 10, 2008) ("Delaware courts occasionally have found that *forum non conveniens* decisions determine substantial issues and establish legal rights. However, absent exceptional circumstances, the Supreme Court has refused to accept interlocutory appeals from *forum non conveniens* decisions.") (internal citations omitted).

Supreme Court has frequently denied interlocutory review to *forum non conveniens* orders, whether the trial court granted[20] or denied[21] *forum non conveniens* relief.

(11) GXP urges the Court to consider two legal theories which it believes implicate several of these factors:

      i.    that a stay in lieu of dismissal abrogates the appeal rights of a litigant under the Delaware Constitution; and

      ii.    that under *Ingres Corp. v. CA, Inc.*[22] and *Utilipath, LLC v. Hayes*[23] the party to a permissive forum selection clause cannot obtain *forum non conveniens* relief.

(12) GXP asserts that the first of these theories implicates the first and third Rule 42(b)(iii) factors as a novel issue of Delaware constitutional law. It argues that the second of these theories implicates both the first factor as an issue of first

---

[20] *See Lima Delta Co. v. Global Aerospace, Inc.*, 2016 WL 1436582, at \*2 (Del. Apr. 5, 2016) (refusing to grant interlocutory review on a *forum non conveniens* dismissal as to some parties and stay of litigation as to other where the trial court denied appeal certification); *Chadwick v. Metro Corp.*, 2003 WL 21054790, at \*1 (Del. May 7, 2003) (refusing interlocutory appeal of trial court's *forum non conveniens* stay and denial of certification); *Derdinger v. Tallman*, 2000 WL 1589929, at \*1 (Del. Aug. 29, 2000) (refusing interlocutory appeal of trial court's grant of *forum non conveniens* stay and denial of certification).

[21] *See Wilmington Tr., N.A. v. Lincoln Benefit Life Co.*, 2018 WL 2111156, at \*1 (Del. May 8, 2018) (refusing to grant interlocutory review on a *forum non conveniens* order denying dismissal where trial court also denied appeal certification); *iPCS, Inc. v. Sprint Nextel Corp.*, 2008 WL 2942136, at \*1 (Del. Aug. 1, 2008) (same); *Berman Real Estate Dev., Inc. v. Berdel, Inc.*, 1995 WL 788597, at \*1 (Del. Dec. 6, 1995) (same).

[22] 8 A.3d 1143 (Del. 2010).

[23] 2015 WL 1744163 (Del. Ch. Apr. 15, 2015).

impression and the second factor because the Superior Court is now in conflict with the Court of Chancery in *Utilipath*.

(13)  GXP raised these issues only belatedly. It submitted *Ingres* by letter to the Court just days before oral argument—after the parties had submitted completed all briefing on the original motion.[24] GXP did not raise the adequacy of appellate review until their request for reargument.[25] And it did not raise *Utilipath* until the present request for certification.[26]

(14)  The Court is not persuaded that either of these arguments satisfies any of the Rule 42(b)(iii) factors.

(15)  The Delaware Supreme Court has specifically instructed trial courts to exercise their discretion freely to grant a stay of litigation for *forum non conveniens* when a first-filed case exists in another jurisdiction.[27] GXP's vague reference to provisions of the Delaware Constitution and Code does not make clear its theory for

---

[24]  D.I. 31.

[25]  D.I. 34.

[26]  D.I. 38.

[27]  *See McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*, 263 A.2d 281, 283 (Del. 1970) ("[A] Delaware action will not be stayed as a matter of right by reason of a prior action pending in another jurisdiction involving the same parties and the same issues; that such stay may be warranted, however, by facts and circumstances sufficient to move the discretion of the Court; that such discretion should be exercised freely in favor of the stay when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the same parties and the same issues.").

how this long settled practice is forbidden. Even if GXP were correct that Delaware courts have long labored under a grievous misunderstanding of litigants' appellate rights, this misunderstanding lacks the novelty required by the first and third factors to obtain interlocutory certification.

(16) Moreover, when initially considering the Investors' motion, the Court asked the parties to answer two supplemental questions, the first of which was whether the Court was permitted under *Gramercy* to grant a stay in lieu of dismissal.[28] GXP responded that such relief was in the Court's power.[29] GXP certainly urged the Court to find such relief inappropriate. But, just as certainly, GXP never raised any hint of its newly-asserted belief that a *forum non conveniens* stay unconstitutionally abrogates a party's appellate rights.[30]

(17) GXP's reliance on *Ingres* and *Utilipath* is likewise misplaced. In *Ingres* the court denied a later-filed Delaware suit's defendant *forum non conveniens* relief because the first-filed suit contravened a valid mandatory forum selection clause limiting the parties to the courts of either Delaware or New York.[31] In *Utilipath*, the Court denied relief because the parties' contract contained a permissive forum

---

[28] Court's Letter to All Parties, at 2 (D.I. 23).

[29] GXP's Resp. to the Court's Letter, at 1 (D.I. 27).

[30] *Id.* at 1–2.

[31] *Ingres*, 8 A.3d at 1145.

selection clause expressly naming Delaware and also expressly disclaiming any future *forum non conveniens* motion in Delaware.[32] That is, both cases involved forum selection clauses designating Delaware and determining the effect of those clauses on claims of hardship from Delaware litigation. In this case, the Investors claim hardship from Delaware litigation but the forum selection clause indicates *California*. To the extent that *Utilipath* and *Ingres* apply, they emphasize the appropriateness of California litigation and thus the lack of hardship that the Court's relief imposes on GXP. There is no conflict between the Delaware trial courts. The second factor does not apply.

(18) All that said, the Court does believe application of *Gramercy* implicates several of the Rule 42(b)(iii) factors for reasons other than those GXP identifies.

(19) With respect to the first factor of novelty, as best this Court and the parties could determine, this case is the first opportunity for a Delaware trial court to fully apply the *Gramercy* intermediate standard. The Court and parties identified only two other cases involving this intermediate posture. In one, the issue of *forum non conveniens* was mooted on reconsideration due to an applicable statute of limitations necessitating dismissal with prejudice on the merits.[33] In the other, an

---

[32] *See Utilipath*, 2015 WL 1744163, at *4.

[33] *Schmidt v. Washington Newspaper Publishing Company*, 2019 WL 4785560 (Del. Super. Ct. Sept. 30, 2019), *amended on reconsideration by*, 2019 WL 7000039 (Del. Super. Ct. Dec. 20, 2019).

applicable mandatory forum selection clause designating Mexico as the exclusive forum for the action brought required dismissal without reaching analysis of the *forum non conveniens* factors.[34] Breaking further new ground, unlike *Gramercy* itself, the potential alternative less-burdensome forum here is in the United States rather than overseas.[35] And this Court here had to determine the appropriate remedy—dismissal or stay—for the first time under *Gramercy*. This appeal would thus resolve a novel question of Delaware common law,[36] satisfying the first Rule 42(b)(iii) factor.

(20) The underlying Opinion and Order effectively ends this litigation here in Delaware, leaving only a stayed residual as a backstop contingency should California state courts refuse to reach the merits of the underlying dispute. A ruling affirming this Court's Order would satisfy the seventh factor: the Supreme Court's review may terminate the litigation. Conversely, a ruling reversing this Court's Order would correct an improper termination of litigation and substantially reduce further litigation by preventing the commencement of an unnecessary parallel suit in California.

---

[34] *Degregorio v. Marriott Int'l, Inc.*, 2018 WL 3096627, at *5 (Del. Super. Ct. Jun. 20, 2018).

[35] *See Gramercy*, 173 A.3d at 1035 (noting that the incident at issue took place in Bulgaria and arose under Bulgarian law).

[36] *See In re Asbestos Litigation*, 929 A.2d 373, 381 (Del. Super. Ct. 2006) ("*forum non conveniens* is a creature of the common law.").

-11-

(21)    As to the eighth factor, in this Court's view, considerations of justice weigh in favor of interlocutory review of the present Order.  While GXP misreads the Court's disposition of the case[37] it is correct that interlocutory review is the only mechanism by which an aggrieved party can obtain appellate review of a *forum non conveniens* stay, since a final order appealable as of right will not issue until after a preclusive judgment on the merits issues in the foreign jurisdiction.  Actually, both sides suffer from such non-appealability, since a litigant aggrieved by denial of *forum non conveniens* relief can also obtain meaningful appellate review only by certification of that interlocutory order.[38]

(22)    Thus, the first, seventh, and eighth Rule 42(b)(iii) factors are implicated by this Court's *Gramercy* analysis here.

(23)    After consideration of the eight Rule 42(b)(iii) factors, the Court lastly considers its own "assessment of the most efficient and just schedule to resolve the

---

[37]    In its application for interlocutory review, GXP asserts "Presumably, once the California action was commenced, this Court would dismiss this action without prejudice, so as not to foreclose a decision on the merits in California," and "[a]lthough not stated explicitly, the inference is that if GXP failed to do so it would still dismiss the case here."  GXP Mot. at 4–5 n.2 (D.I. 38).  The Court informed the parties it would "renew the stay for the duration of the [California] litigation to ensure it reaches a final ruling on the merits." *GXP Capital,* 2020 WL 3581633, at *10.  The Court was likewise explicit that should GXP fail to initiate suit elsewhere during the stay the Court would "consider the underlying claim abandoned and dismiss the suit entirely." *Id.*

[38]    Since by definition a final judgment on the merits will only issue after the trial has been conducted with all of the burdens that formed the basis of the request for *forum non conveniens* relief.

case. . . [and] whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice."[39]

(24) *Gramercy* analysis, the sole issue for which this Court would certify GXP's appeal, is narrow and can be efficiently resolved on interlocutory review. "An order is final when the trial court has clearly declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[40] The ordered stay fails this standard only very narrowly. The Investors sought dismissal, not a stay, and the Court ordered lesser relief solely to preserve the possibility of litigation here should the state courts of California close their doors to this dispute. Had the Court instead issued the dismissal sought, no doubt the matter would be ripe for direct review as of right,[41] and appellate review of the case under a stay in lieu of dismissal presents little additional difficulty and expense. The purpose of limiting interlocutory appeals is to prevent piecemeal litigation,[42] a danger not present here.

---

[39] Del. Supr. Ct. R. 42(b)(iii) (2020).

[40] *Delaware Dept. of Health and Soc. Servs. v. Dolinger*, 1999 WL 504324, at *1 (Del. Mar. 16, 1999).

[41] *See Reid v. Spazio*, 970 A.2d 176, 181 (Del. 2009) ("[A]ppeals from adverse final determinations in civil actions in the Superior Court and the Court of Chancery are taken as of right to this Court.").

[42] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 795 (Del. 1958).

(25)   Moreover, the interests of justice would be well-served by interlocutory review.  This Court has frequent occasion to hear motions for *forum non conveniens*, but has not developed case law applying the *Gramercy* intermediate standard where the *forum non conveniens* factors are examined without presumption.  And, most notably, has little guidance on the range of available relief when the balance tips in the aggrieved defendant's favor.

(26)   In particular, the Court relied by analogy on its own prior decision in *Nat'l Union Fire Ins. Co. of Pittsburgh v. Axiall Corp.*[43]  That case concerned a *forum non conveniens* motion seeking a stay in lieu of dismissal where a suit on the same subject matter was simultaneously filed in another jurisdiction.[44]  The *Axiall* court weighed the *forum non conveniens* hardship factors presented to each litigant in the two competing jurisdictions against each other, and issued a stay because Delaware presented the greater hardship.[45]  The Delaware Supreme Court refused to grant interlocutory review.[46]

---

[43]   2019 WL 4303388 (Del. Super. Ct. Sept. 11, 2019).

[44]   *Id.* at *2.

[45]   *Id.* at *4.

[46]   *Nat'l Union Fire Ins. Co. of Pittsburgh v. Axiall Corp.*, 2019 WL 4795508, at *2 (Del. Oct. 1, 2019).

-14-

(27) Although no case has yet been commenced in California state court, the undisputed personal and subject matter jurisdiction of those courts over this dispute militated in favor of applying a similar framework and considering the relative hardships to the parties each would present. But, due to the rarity of *Gramercy* non-presumption motions, the Court believes that the interests of justice would be well-served by a conclusive determination from the Supreme Court in this case, in much the same way as justified interlocutory appeal in *McWane* itself.[47]

(28) "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[48] Because of the novelty of the *Gramercy* standard, and the unusual procedural posture ameliorating the difficulties interlocutory review normally presents, the Court believes this case is exceptional. And so the Court certifies this interlocutory appeal on two questions:

> a. Is the *Axiall* comparative burden analysis the correct framework to analyze *forum non conveniens* motions in the intermediate *Gramercy* posture where the courts of another state indisputably possess personal and subject matter jurisdiction over the case?

---

[47] *See McWane*, 263 A.2d at 282 (noting that *McWane* arose from appeal of a denial of *forum non conveniens* relief in an ongoing case); *see also Meade Elec. Co., Inc. v. Pepper Const. Co.*, 1991 WL 1179844, at *1 (Jan. 24, 1991) (certifying an order denying *forum non conveniens* relief for interlocutory review because "a review of the interlocutory order may serve considerations of justice by refining the standard for deciding a motion to dismiss or stay on the ground of *forum non conveniens*.").

[48] Del. Supr. Ct. R. 42(b)(ii).

-15-

b. Is a trial court within its discretion to grant a *Gramercy* stay in lieu of dismissal when that relief is, in the court's judgment, the least burdensome to the parties under the *forum non conveniens* factors?

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff GXP Capital, LLC's Application for Certification of Interlocutory Appeal is hereby **GRANTED IN PART.**

**Paul R. Wallace, Judge**

Original to Prothonotary
cc: All counsel via File & Serve